**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

OYEPEJU OLANREWAJO, a/k/a Oyepeju
Olanrewaju,
<u>Petitioner,</u>

v.                                                                                              No. 99-2338

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
<u>Respondent.</u>

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A74-077-742)

Submitted: January 20, 2000

Decided: February 1, 2000

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Oyepeju Olanrewajo, Petitioner Pro Se. Nancy E. Friedman, Edward
J. Duffy, Jr., Michael Peter Lindemann, Sr., Carl H. McIntyre, Jr.,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Oyepeju Olanrewajo appeals from the refusal of the Board of Immigration Appeals ("BIA") to withhold her deportation or grant asylum. We affirm.

Olanrewajo is an immigrant from Nigeria. After she was convicted of mail fraud, the Immigration and Naturalization Service ("INS") sought to have her deported to her homeland. Olanrewajo contended that she was not subject to deportation based on the nature of her offense. The immigration judge and the BIA rejected this claim, and she has not reiterated it on appeal.

Before the immigration judge, Olanrewajo also asserted that the INS should withhold deportation or grant asylum based on the possibility that she would face persecution upon her return to Nigeria. See INS v. Cardoza-Fonseca, 480 U.S. 421, 423-24 (1987) (discussing the distinction between withholding deportation and granting asylum). The immigration judge found that Olanrewajo was not eligible for withholding of deportation, because her involvement in politics was limited and occurred while she was very young; her parents were threatened by neighbors several years ago but have been unmolested since; and the overall human rights climate in Nigeria has been improving recently. The judge also declined to exercise his discretion to grant asylum in light of the seriousness of Olanrewajo's offense and the relatively small likelihood that she would face persecution in her native country. The BIA adopted these findings.

We agree with the BIA that the immigration judge's conclusions were supported by substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Accordingly, we affirm the BIA's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2